## UNITED STATES v. THOMAS et al.

(District Court, S. D. California, N. D. March 19, 1925.)

### No. 107.

Intoxicating liquors ⬡⟫278—Premises closed as nuisance will not be permitted to be occupied.

Where a decree has been entered pursuant to National Prohibition Act. tit. 2, § 22 (Comp. St. Ann. Supp. 1923, § 10138½k) finding that a building as used was a common nuisance and closing it from occupancy for one year, its use will not be permitted on a subsequent application by the owner and his giving bond.

In Equity. Suit by the United States against Zoe Thomas and others. On application of defendant Charles L. Keith, as owner, to reopen building closed as nuisance. Denied.

On May 7, 1924, a bill of complaint was filed herein by the United States attorney against the above-named defendants, asking for the abatement of a nuisance under title 2, section 22, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½k). The nuisance complained of concerned certain premises, being the second story and rooms of a certain building situate in the city of Taft, county of Kern, in this state, and known as the Keystone Hotel in said city.

It was alleged that the defendant Zoe Thomas was the owner and proprietor of the hotel business conducted in said building, and that the defendant Charles L. Keith was the owner of the real property and building situate thereon. It was then alleged that the said premises, and particularly the rooms and barroom therein, "was now used and maintained and have prior hereto been used and maintained as a place and places where intoxicating liquor, as defined by section 1 of title 2 of the National Prohibition Act (section 10138½), is sold, bartered, and kept for sale for beverage purposes, in violation of the provisions of said title, by the defendants above named, and particularly by the defendant Zoe Thomas, and that said premises are now, and have been ever since the date the said National Prohibition Act became effective, a common, public, and continuing nuisance; that the tables, furniture, glassware, and fixtures in said building and rooms are now, and at all of the times herein mentioned have been, used in connection with the maintaining of said public and common nuisance."

It is then alleged that in one of the rooms

of the said hotel the defendant Zoe Thomas sold intoxicating liquor on the 15th day of January, 1924, on the 6th day of December, 1923, and on the 4th day of May, 1924, to divers and numerous persons for certain 'sums of money. It was then alleged that, unless restrained and forbidden, the said defendants will continue in the future to keep, maintain, and use said premises, and assist in maintaining and using the same, as a place where intoxicating liquor is kept, sold, and bartered, in violation of title 2 of said National Prohibition Act, and as a public and common nuisance as defined in section 21 of said title (Comp. St. Ann. Supp. 1923, § 10138½jj).

In appropriate form it was then prayed that "the said defendant, their agents, servants, subordinates, and employees, and each and every one of them, be enjoined and restrained from using, maintaining, and assisting in using and maintaining said premises as a place where intoxicating liquor is sold," etc. It was also prayed that the court should enter its decree directing "that the said premises shall not be occupied or used for one year after date of said decree," etc.

Pursuant to request therefor, on May 7, 1924, a temporary writ of injunction, directed to the defendants named, was issued and served, enjoining the said defendants from manufacturing, selling, bartering, or storing in said premises, or any part thereof, any liquor, etc., and from conducting or permitting the continuance of said public and common nuisance upon said premises, etc. Thereafter, upon proceedings regularly taken, a final decree was entered by the court adjudging that the premises above referred to, on the 4th day of May, 1924, and prior thereto, constituted a common and public nuisance, and that each and all of the material allegations of the bill of complaint are true. In consequence thereof, it was ordered, adjudged, and decreed that an injunction issue forthwith, enjoining the defendants Zoe Thomas and Charles L. Keith, their servants, etc., from manufacturing, selling, bartering, or storing, in or upon said premises, any intoxicating liquor, etc., "and that the said real estate and premises herein described shall not be occupied or used for one year subsequent to this decree." It was further ordered and adjudged that the United States marshal should, by appropriate means, close and lock the said premises and post appropriate notice thereon to the effect that said

premises were closed for one year by order of the court, etc. From this decree no appeal has ever been taken, and it still stands as a valid and subsisting judgment.

Request is now made by the defendant Charles L. Keith, "owner of said premises," by petition, that he now be allowed to reopen said premises and re-lease them to one Fisher, "a reputable and law-abiding citizen of Taft," for a term of years. As matters of inducement it is asserted "that the orders of this court, made as aforesaid, have been strictly complied with, and that your petitioner further represents that in the city of Taft there is a shortage of housing facilities." Petitioner promises and agrees that, if permitted to rent said premises and open up said rooming house, "the same will be conducted in strict compliance with the law, and that no intoxicating liquor will be manufactured, sold, bartered, or possessed in, upon, or about said premises," etc.

Pursuant to the permissive provisions of section 22 of the National Prohibition Act, authorizing the court at its discretion to permit premises to be occupied or used, if the owner or other designated person shall give bond, conditioned that an observance of the National Prohibition Law would be had, etc., it has been the consistent practice of this court, where such discretion has been exercised and such bonds have been accepted, to require of the owner or other person securing such permission, and those in privity with him, to agree and consent that any duly authorized federal prohibition agent, assigned to duty in the Southern district of California, shall be permitted and allowed to enter the premises in question without search warrant, during the usual business hours observed in the business conducted in or upon said premises, to investigate and search said premises for intoxicating liquor, and to ascertain whether the terms and conditions of said bond, or any order, decree, or judgment of this court, are being violated. In conformity to this practice, petitioner agrees to have such a condition inserted in the order allowing the premises to be reopened, etc.

Stephen G. Long, of Los Angeles, Cal., for petitioner.

BLEDSOE, District Judge (after stating the facts as above). Stated briefly, the situation is that the owner of property, closed for a year under authority of law as for the continued and persistent maintenance of a

common nuisance therein, desires now to be relieved of the judgment heretofore regularly entered against him and against his property. If this were a sheer matter of grace, the court might feel disposed, as it would feel disposed in almost any case, to do that which would relieve from loss or detriment. However, such is not the case. The judgment rendered herein was pronounced in due course and was rendered in pursuance of law. As well might a defendant sentenced to a term of imprisonment be authorized to secure his release, previous to the time appointed for his enlargement, upon the promise, vehemently indulged in, that he would forever after abide by the law.

Punishment is not imposed as a means of inflicting pain, deprivation, detriment, or injury to or upon an individual. It is imposed in order that in some substantial respect the majesty and dignity of the law may the better be upheld. It is imposed for its deterrent effect. It is imposed in order that others, who might possibly be similarly inclined, may be deterred from doing that which the law inhibits. If countenance be given to the easy avoidance of penal punishment, but little deterrent effect will be wrought upon the members of the community at large. In truth, by over-generous acts of grace a premium might be put upon further and persistent infractions of the law. It is my judgment, therefore, that, unless some exceptional circumstance requiring different action be disclosed, the judgments and penalties authorized by the law, pronounced in due conformity to the law and after careful deliberation upon the circumstances specially involved, should be carried out. In that wise the certainty of punishment as for a violation of the law will be made more manifest; in consequence its observance will be more uniform. If it is known that the law is to take its course, fewer will fly in the face of its mandates.

From the record herein it is apparent that the infraction of the law involved was plain and persistent. The carrying out of the judgment rendered is necessary, in my opinion, in order that the community itself may be apprised of the penalties to be expected in the event of like infraction. To relieve now from the penalties, as for the reasons given, would be to encourage, rather than discourage, disregard of and disobedience to a law that is all too frequently violated as it is.

The petition is denied.